**BEN BIAO CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General of the United States, Respondent.**

No. 07–2685–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Sheema Chaudhry, Of Counsel, Law Offices of Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Nancy E. Friedman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: JOHN M. WALKER, JR., GUIDO CALABRESI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ben Biao Chen, a native and citizen of the People's Republic of China, seeks review of a June 4, 2007 order of the BIA affirming the August 30, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Ben Biao Chen,* No. A97 958 373 (B.I.A. June 4, 2007), *aff'g* No. A97 958 373 (Immig. Ct. N.Y. City Aug. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ We conclude that substantial evidence supports the IJ's determination that Chen's religious persecution claim was not credible. In support of that determination, the IJ observed that Chen made no mention of any claim based on religion at his credible fear interview. Here, the IJ's reliance on Chen's credible fear interview was proper, as Chen does not challenge the manner in which the interview was conducted and also admitted that he deliberately did not mention his religious persecution claim because the snakehead told him not to do so. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). While Chen explained that his fear of deportation led him to omit the claim, the IJ reasonably declined to credit that explanation, noting at his hearing that he was still under threat of deportation, and thus, his testimony was still suspect. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). This substantial omission supports the IJ's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). In addition, the IJ's finding that Chen was "hesitant" and "unresponsive[ ]," provides further support for her adverse credibility determination, as we accord great deference to an IJ's assessment of demeanor. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006).

■ Substantial evidence also supports the IJ's finding that Chen's family planning claim was not credible. The IJ found that while Chen testified that he was arrested and detained for several hours, during his credible fear interview, Chen had only indicated that family planning authorities "threatened to arrest [him] in the future." He omitted any assertion that they had arrested him.[2] This was a substantial inconsistency that goes to the heart of Chen's family planning claim, as this was the only account of mistreatment by the family planning authorities to which he testified. *See Secaida–Rosales,* 331 F.3d at 308–09. This inconsistency, coupled with the IJ's properly-made demeanor finding, provides substantial evidence for the IJ's adverse credibility determination regarding Chen's family planning claim.

While the IJ's decision is not without error, we find nonetheless that remand would be futile in this case because the findings that the IJ properly made provide so much evidence for the adverse credibility determination that this Court can confidently predict that the IJ would reach the same decision absent the errors that were made. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).[3]

**2.** Chen asserts that the airport statement was not reliable under the *Ramsameachire* test. However, the IJ acknowledged that Chen did not sign the airport interview statement, and thus did not accord it "a great deal of weight." Rather, the IJ's denial was grounded primarily on Chen's omission of his religious persecution claim at his credible fear interview. Chen has never challenged the manner in which that interview was conducted. He argues, instead, that his omission was due to his recent arrival in the United States, his total unfamiliarity with the law, and the

snakehead's coercive advice. Therefore, we conclude that the credible fear interview was a "sufficiently accurate record" of Chen's statements to merit consideration by the IJ in assessing his credibility. *See Ramsameachire,* 357 F.3d at 179–80.

**3.** While Chen also challenges the IJ's alternate finding that he was ineligible for asylum as the unmarried partner of a person who was forcibly sterilized, it is unnecessary to review this question here, as the adverse credibility determination is dispositive in this case.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).